# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-43V

Filed: March 14, 2016

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* | \* | UNPUBLISHED |
| E.C., *by her parents and natural guardians,* | \* | |
| TODD *and* CARRIE CARLSON, | \* | |
| | \* | |
| Petitioners, | \* | Special Master Gowen |
| | \* | |
| v. | \* | Joint Stipulation on Damages; |
| | \* | Influenza ("Flu") Vaccine; Human |
| SECRETARY OF HEALTH | \* | Papillomavirus ("HPV") Vaccine; |
| AND HUMAN SERVICES, | \* | DTaP Vaccine; Meningococcal |
| | \* | Vaccine; Transverse Myelitis |
| Respondent. | \* | |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* | \* | |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioners.
Jennifer L. Reynaud, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON JOINT STIPULATION[1]

On January 16, 2013, Todd and Carrie Carlson ("petitioners") filed a petition on behalf of E.C., their minor child, pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that, as a result of receiving influenza ("flu"), human papillomavirus ("Gardasil/""HPV""), diphtheria-tetanus-acellular pertussis ("DTaP"), and meningococcal vaccinations on January 5, 2012, E.C. developed transverse myelitis. Amended Petition at ¶ 5, 8. Further, petitioners alleged that E.C. experienced residual effects of the injury for more than six months. Id. at ¶ 12.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 11, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.  Respondent denies that the flu, HPV, DTaP, and/or meningococcal vaccines caused E.C.'s alleged injuries, any other injury, or her current condition. Stipulation at ¶ 6.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following in compensation:

(1) **A lump sum of $78,000.00, in the form of a check payable to petitioners as guardians/conservators of the estate of E.C., for the benefit of E.C.  This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraph 8b of the stipulation; and**

(2) **A lump sum of $3,500.00, in the form of a check payable to petitioners.  This amount represents compensation for past unreimbursable expenses.**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

E.C., by her parents and natural guardians,
TODD and CARRIE CARLSON,

          Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 15-43V
Special Master Gowen
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Todd and Carrie Carlson ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of their minor child, Emilee Carlson ("EC" or "Emilee").   The petition seeks compensation for EC's injuries allegedly related to receipt of the influenza ("flu"), human papilloma virus ("HPV"), diphtheria-tetanus-acellular pertussis ("DTaP"), and meningococcal vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.  Emilee received the flu, HPV, DTaP, and meningococcal immunizations on January 4, 2012.

3.  The vaccines were administered within the United States.

1

4.   Petitioners allege that Emilee suffered transverse myelitis that was caused-in-fact by her flu, HPV, DTaP, and/or meningococcal vaccines.   Petitioners further allege that Emilee experienced the residual effects of her injuries for more than six months.

5.   Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of Emilee's condition.

6.   Respondent denies that the flu, HPV, DTaP, and/or meningococcal vaccines caused Emilee's alleged injuries, any other injury, or her current condition.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

   a.   A lump sum of **$78,000.00** in the form of a check payable to petitioners as guardians/conservators of the estate of Emilee Carlson, for the benefit of Emilee Carlson.   No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of Emilee Carlson's estate.   This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraph 8.b; and

   b.   A lump sum of **$3,500.00** in the form of a check payable to petitioners for past unreimbursable expenses.

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

2

the special master to award reasonable attorneys' fees and costs incurred in proceedings upon this petition.

10.   Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.   Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.   The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation, will be used solely for the benefit of Emilee, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.   Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of Emilee Carlson's estate under the laws of the State of Michigan.   No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of Emilee's estate.   If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of Emilee Carlson at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the

3

party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Emilee Carlson upon submission of written documentation of such appointment to the Secretary.

14.   In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, and as legal representatives of Emilee Carlson, on behalf of themselves, Emilee, and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Emilee resulting from, or alleged to have resulted from flu, HPV, DTaP, and/or meningococcal vaccinations administered on or about January 4, 2012, as alleged by petitioners in a petition for vaccine compensation filed on or about January 16, 2015, in the United States Court of Federal Claims as petition No. 15-43V.

15.   If Emilee Carlson should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16.   If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

4

17.   This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.   There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.   The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18.   This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu, HPV, DTaP, and/or meningococcal vaccines, alone or in combination, caused Emilee's transverse myelitis or any other injury or her current condition.

19.   All rights and obligations of petitioner hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as legal representatives of Emilee Carlson.

END OF STIPULATION

5

Respectfully submitted,

PETITIONERS:

TODD CARLSON

CARRIE CARLSON

ATTORNEY OF RECORD FOR
PETITIONERS:

CLIFFORD J. SHOEMAKER
Shoemaker, Gentry & Knickelbein
9711 Meadowlark Road
Vienna, VA 22182
(703) 281-6395

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, MD
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and
Humans Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated: March 11, 2016

6