# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 15-43V
**Filed: May 2, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| E.C., by her parents and natural guardians     * | | |
| TODD CARLSON and CARRIE CARLSON,* | | |
| | * | Special Master Gowen |
| Petitioners, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioners.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 16, 2015, Todd Carlson and Carrie Carlson ("petitioners") filed a petition on behalf of their minor child, E.C., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that as a result of receiving influenza, human papillomavirus, ditheria-tetanus-acellular pertussis, and meningococcal vaccines on January 5, 2012, E.C. developed transverse myelitis. See Amended Petition at ¶ 5, 8, filed Apr. 2, 2015. On March 11, 2016, the parties filed a stipulation in which they agreed to an award of

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

compensation to petitioners. On March 14, 2016, the undersigned issued a decision adopting the parties' stipulation for an award. See Decision on J. Stip., filed Mar. 14, 2016.

On April 14, 2016, petitioners filed an application for attorneys' fees and costs. Petitioners requests a total award of attorneys' fees and costs in the amount of $22,121.37. Application for Fees and Costs at 1, filed Apr. 14, 2016. In accordance with General Order #9, petitioners represent that they incurred reimbursable costs in pursuit of this claim in the amount of $1,445.00. Id.

On May 2, 2016, respondent filed a response to petitioners' application for attorneys' fees and costs, indicating that "respondent does not object to the overall amount sought, as it is not an unreasonable amount to have incurred for proceeding in this case to date." Response at 1, filed May 2, 2016. Respondent further stated that her "lack of objection to the amount sought in this case should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Id.

The undersigned has reviewed the billing records and documentation of costs, and finds them reasonable. The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioners' request, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioners and to petitioners' attorney, Clifford J. Shoemaker, of Shoemaker, Gentry & Knickelbein, in the amount of $22,121.37; and**

**(2) in the form of a check payable to petitioners only, in the amount of $1,445.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.